UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

TRANSITO G.,

Plaintiff,

<u>DECISION AND ORDER</u>
1:25-cv-07595-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In April of 2015, Plaintiff Transito G.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Francesca Zeltmann, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13).

This case was referred to the undersigned on June 17, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 9). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's request is denied, and this case is remanded for calculation of benefits.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on April 1, 2015, alleging disability beginning June 30, 2014. (T at 454-60, 461-71).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on March 6, 2018, before ALJ Moises Penalver. (T at 47-71). ALJ Penalver denied Plaintiff's applications for benefits in a decision dated August 1, 2018. (T at 153-74).

On April 30, 2020, the Appeals Council granted Plaintiff's request for review and remanded for further proceedings. (T at 175-80). Additional hearings were held before the same ALJ on March 5, 2021, and June 4, 2021. (T at 85-106, 107-26).

ALJ Penalver issued a second decision denying the applications for benefits on November 26, 2021. (T at 10-37). On December 19, 2022, the Appeals Council denied Plaintiff's request for review. (T at 1-6).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review. The case was remanded by stipulation of the parties for further administrative proceedings on June 7, 2023. (T at 3625).

A hearing was held before ALJ Lori Romeo on December 22, 2023. (T at 3561-88). Plaintiff testified with the assistance of an interpreter. (T at 3567-76). The ALJ also received testimony from a vocational expert. (T at 3577-87).

*B. ALJ's Decision*

On April 19, 2024, ALJ Romeo issued a decision denying the applications for benefits. (T at 3501-35). The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2014 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2019 (the date last insured). (T at 3510).

The ALJ concluded that Plaintiff's cervical spine degenerative disc disease, lumbar spine degenerative disc disease, shoulder degenerative joint disease, left knee degenerative joint disease (status-post surgery), and left ankle degenerative joint disease were severe impairments as defined under the Act. (T at 3510).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 3510).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she needs to use a cane for ambulation occasionally; can stand or walk up to two hours in an eight-hour workday; sit up to six hours total in a workday, with regularly scheduled breaks; occasionally push or pull objects with the upper extremities, up to the sedentary weight limit; never use the left lower extremity for foot control operation; occasionally use the right lower extremity for foot control operation; occasionally climb ramps/stairs, but never climb ladders, ropes, or scaffolds; occasionally stoop, but never crouch, kneel, or crawl; she is limited to frequent reaching with the dominant right upper extremity and can never reach overhead with the right arm; she can perform no more than frequent handling, and fingering objects with the non-dominant left hand; and must avoid all exposure to dangerous moving machinery, unprotected heights, uneven surfaces, and operating motor vehicles. (T at 3511-12).

The ALJ concluded that Plaintiff could not perform her past relevant work as a food preparer. (T at 3521).

However, considering Plaintiff's age (38 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 3521).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 30, 2014 (the alleged onset date) and April 19, 2024 (the date of the ALJ's decision). (T at 3522-23). On July 14, 2025, the Appeals Council denied Plaintiff's request for review, making ALJ Romeo's decision the Commissioner's final decision. (T at 3495-500).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on September 12, 2025. (Docket No. 1). On March 16, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 9, 10). The Commissioner interposed a brief in opposition to Plaintiff's motion and in support of a competing request for judgment on the pleadings on May 6, 2026. (Docket No. 14).

On May 18, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 15).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

For the reasons that follow, the Court finds that the ALJ's decision cannot be sustained. The ALJ failed to properly weigh the medical opinion evidence concerning Plaintiff's ability to stoop, which materially undermines the ALJ's RFC assessment.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).[3]

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

Treating physician opinions are considered particularly probative because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the] medical impairment(s) and

[3] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. See 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits before that date, the new regulations do not apply here.

may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical evidence alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

An opinion from a treating physician is afforded controlling weight as to the nature and severity of an impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

However, treating physician opinions are not always dispositive. For example, an opinion will not be afforded controlling weight if it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

To determine how much weight a treating physician's opinion should be given, the ALJ considers the "*Burgess* factors" identified by the Second Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating physicians, "with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ. 2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018). A consultative physician's opinion may constitute substantial evidence. *See Petrie v. Astrue*, 412 F. Appx 401, 406 (2d Cir. 2011).

When the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

However, it is "well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . . While an [ALJ] is free to … choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.

1998)(quoting *McBrayer v. Secretary of Health and Human Servs*., 712 F.2d 795, 799 (2d Cir. 1983) (alterations in original).

In the present case, Dr. Gerardo Miranda-Comas, a treating physician, rendered a functional assessment in April of 2018. Dr. Miranda-Comas opined, *inter alia*, that Plaintiff should never stoop. (T at 1226).

The ALJ found that Dr. Miranda-Comas's opinion was not entitled to significant weight. (T at 3520). In reaching this conclusion, the ALJ found Dr. Miranda-Comas's assessment unsupported by the treatment record and inconsistent with other opinion evidence. (T at 3520). In particular, the ALJ cited the opinions of two consultative examiners (Dr. Ram Ravi and Dr. Eugene Edynak) and a medical expert who testified at an administrative hearing held in March of 2021 (Dr. Abdilahli Elmi). (T at 3520).

As noted above, the ALJ concluded that Plaintiff retained the RFC to occasionally stoop. (T at 3512). Notably, however, the ALJ's decision contains almost no meaningful explanation as to how she reached this conclusion.

The ALJ's omission is surprising given that the prior ALJ found that Plaintiff could never stoop (T at 3597) and one of the reasons the Appeals Council remanded the matter was to address the question of stooping and its impact on Plaintiff's RFC. (T at 3641).

The ALJ's omission is material because the ALJ mistakenly found Dr. Miranda-Comas's opinion inconsistent with the assessments of Dr. Ravi and Dr. Elmi. On the question of stooping, the consultative examiner and medical expert *agreed* with the treating physician. Dr. Ravi opined that Plaintiff should avoid squatting. (T at 871). Dr. Elmi testified that "[s]tooping and bending should be avoided." (T at 94). The ALJ's error in failing to address the consistency between these opinions on the critical question of stooping cannot be excused, particularly given that the treating physician's rule remains in effect with respect to this case.

The Commissioner defends the ALJ's decision by pointing to other evidence supporting a less restrictive limitation on stooping.

The ALJ, however, clearly relied on her (erroneous) belief that Dr. Miranda-Comas's assessment was completely contradicted by Dr. Ravi and Dr. Elmi. The ALJ's decision contains no discussion or analysis of the evidence concerning Plaintiff's ability to stoop sufficient to overcome this obvious error. Counsel's efforts to avoid the problem are insufficient to sustain the decision. *See Newbury v. Astrue*, 321 F. Appx 16, 18 (2d Cir. 2009) ("A reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action.'")(quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)); *see also Rosa v. Comm'r of Soc. Sec.,* No. 17 Civ.

3344, 2018 U.S. Dist. LEXIS 137494, at *44 (S.D.N.Y. Aug. 13, 2018)("Post hoc justifications raised by the Commissioner in her memorandum of law do not cure defects in the ALJ's decision ….").

The Commissioner also argues that any error in the ALJ's assessment of Plaintiff's capacity for stooping is harmless because sedentary work "by its very nature … entails no significant stooping." (Docket No. 14, at p. 12, citing SSR 83-10).

However, it is well-settled that "[a] *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply …." *Reyes v. Comm'r of Soc. Sec.*, No. 21 CIV. 372 (AEK), 2022 WL 4482543, at *16 (S.D.N.Y. Sept. 27, 2022)(quoting SSR 96-9P, 1996 WL 374185, at *8 (July 2, 1996) (emphasis in original)); *see also Marin v. Colvin*, No. 15-CV-6529L, 2017 WL 1373181, at *3, n.2 (W.D.N.Y. Apr. 17, 2017); *Johnson v. Comm'r of Soc. Sec.*, No. 14CV2086-FM, 2015 WL 5854044, at *7 (S.D.N.Y. Oct. 6, 2015).

Indeed, the vocational expert testified that a hypothetical claimant with Plaintiff's RFC, but who could not perform stooping, could not perform any substantial gainful activity. (T at 3581).

The ALJ's failure to adequately address the medical opinion evidence regarding Plaintiff's ability to stoop is a material error and the ALJ's decision cannot be sustained.

*B. Remand*

A court reviewing the denial of benefits may, in its discretion, remand a claim for further proceedings, or solely for the calculation of benefits. 42 U.S.C. § 405(g) (sentence four) (a reviewing court may enter, upon the pleadings and the administrative record, "a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing").

Where the record is complete and contains persuasive proof of disability, "no purpose would be served" by additional administrative proceedings and remand for calculation of benefits is warranted. *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

Here, the record is complete and contains persuasive proof of disabling physical limitations, as evidenced by a treating physician's opinion, consistent with the assessments of a consultative examiner and medical expert, and supported by a vocational expert's testimony that a claimant with Plaintiff's limitations, who could not perform stooping, could not perform work.

Moreover, Plaintiff’s applications have been pending for more than a decade, and she has endured two district court actions and four administrative hearings before two ALJs.

A remand for calculation of benefits is, therefore, the appropriate remedy. *See, e.g., Mortise v. Astrue*, 713 F. Supp. 2d 111, 128 (N.D.N.Y. 2010) (remanding for calculation of benefits where ALJ repeatedly erred in applying the treating physician rule and further development of the record would not affect the result); *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 421 (W.D.N.Y. 2006) (remanding for calculation of benefits where Commissioner committed "the exact same errors the second time around"); *Carlantone v. Colvin*, No. 14-CV-8204 (DF), 2015 WL 9462956, at *14 (S.D.N.Y. Dec. 17, 2015)(“In particular, courts in this Circuit have determined that, where one or more ALJs in a case have repeatedly erred in applying the treating physician rule, remand for further development of the record is unwarranted.”)(collecting cases); *see also Jeremy B. v. Comm'r of Soc. Sec*., No. 2:18-CV-159-JMC, 2019 WL 3297471, at *10 (D. Vt. July 23, 2019) (“Allowing the Commissioner to decide the issue again would create an unfair ‘heads we win; tails, let's play again’ system of disability benefits adjudication.”)(quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED and this case is remanded for calculation of benefits. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.

Dated: July 16, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge